**Larry Julian BLACKMON, Appellant,**

v.

**Patricia Louise BLACKMON, Appellee.**

No. 16553.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1975.

K. D. Keenan, Vern J. Thrower, Houston, for appellant.

EVANS, Justice.

This appeal is from an order dated May 22, 1975, denying the motion of appellant, Larry Blackmon, seeking to set aside a pri-or order of the court dated April 4, 1975, in a proceeding for writ of habeas corpus filed by appellee, Patricia Louise Blackmon. We have decided two related appeals involving the same parties by separate opinions filed this date.

In one of these related appeals, involving an order for modification of conservatorship and support, we reviewed the sequence of proceedings between the parties in some detail. We will, therefore, only briefly review the proceedings here.

The parties were divorced in July 1972. Subsequently, on September 17, 1974, Patricia Blackmon filed a habeas corpus action seeking return of the child. On that same date, Larry Blackmon instituted a separate action to modify custody under the divorce decree.

On October 4, 1974, in the habeas corpus action filed by Patricia Blackmon, the court by docket entry ordered the return of the child on October 5, 1974. However, no written order was then entered and it was not until January 3, 1975, that the court entered a written order purporting to effectuate its docket entry. In the interim, a hearing was held on Larry Blackmon's action to modify custody and by order entered November 25, 1974, he was appointed managing conservator of the child.

On April 1, 1975, Patricia Blackmon instituted this second habeas corpus proceeding asserting that she was entitled to have the child returned to her under provisions of the divorce decree. On April 4, 1975, by written interlineation in its order entered January 3, 1975, the trial court purported to amend that order so as to require compliance by return of the child that same day, April 4, 1975. It also made a docket entry which recited that the earlier order of October 4, 1974, was in effect.

Also on April 4, 1975, Larry Blackmon filed a plea in abatement asserting that the issues involved in the second proceeding for habeas corpus had been adjudicated and determined by the order of November 25,

1974, designating him managing conservator of the child. On the basis of this plea, the court on April 4, 1975, ordered the action dismissed on the ground that it did not have jurisdiction.

On April 11, 1975, Larry Blackmon filed his motion to set aside the aforementioned order of the court dated April 4, 1975, which purported to amend by interlineation its earlier order entered January 3, 1975. It is from the order denying this motion which appellant brings this appeal.

Appellant, Larry Blackmon, asserts the trial court erred in entering ,the order of April 4, 1975, which purported to continue in effect its earlier order of October 4, 1974, because the order of November 25, 1974, designating him as managing conservator superseded the order of October 4, 1974, and was then in effect. He also asserts that the court was then without authority to enter any order in such proceedings affecting the parent-child relationship since the action was on that date dismissed for want of jurisdiction. We concur.

At the time of the entry of the order signed January 3, 1975, more than thirty days had expired since the date of the court's order of November 25, 1974. Accordingly, the trial court was without power on April 4, 1975, to enter an order in the habeas corpus proceeding which, in effect, changed the managing conservator designated under the order of November 25, 1974. We hold, therefore, that the order entered January 3, 1975, and also the same order as purportedly revised by written interlineation requiring return of the child on April 4, 1975, to have been ineffective. We also hold that the entry of the order of dismissal on April 4, 1975, precluded any further orders being entered in the habeas corpus proceeding. Thus, the trial court erred in denying appellant's motion to set aside the order complained of in appellant's motion.

Reversed and rendered.